## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| KIRK EDWARD DOTSON, ID # 1550719 ) | |
| Petitioner, ) | |
| vs. ) | No. 3:10-CV-1590-B-BH |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 16, 2010. The respondent is Rick Thaler, Director of TDCJ-CID.

On December 29, 2008, petitioner was convicted of the unauthorized possession of a firearm by a felon in the 19th District Court in McClennan County and was sentenced to three years of confinement in Cause No. 2008-1521-C1. (*See* Amended Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search for petitioner). Petitioner acknowledges that he has filed no state writ in this case (Pet. at 2), and the relevant public records reflect that petitioner has filed neither a direct appeal nor a state writ in this case. (*See* www.cca.courts.state.tx.us, search for petitioner).

In his federal petition, petitioner claims that the Board of Pardons and Paroles has violated his rights by not properly considering him for parole, that he is being required to pay fines to the

convicting court that were not part of his sentence, and that his personal property was lost or stolen in one of the TDCJ units during a period in which he was incarcerated there. (Pet. at 5-6).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented any claim to the Court of Criminal Appeals. The Court of Criminal Appeals has simply had no opportunity to review the claims raised in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented his parole claim and his claim regarding fines he has been required to pay to the Texas Court of Criminal Appeals, that court has had no opportunity to review these claims. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies with regard to these claims.

### III. PERSONAL PROPERTY CLAIM

Petitioner also claims that his personal property has been lost or stolen at a TDCJ unit. Challenges to convictions are governed by 28 U.S.C. § 2254. The only function of habeas relief is to grant relief from unlawful imprisonment or custody. *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). The Supreme Court noted that

> [it} has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.

*Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). To state a claim cognizable on habeas review, petitioner must challenge the fact or duration of his confinement. *See Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

Because petitioner's claim regarding his personal property does not concern his underlying conviction or the duration of his confinement, it is not cognizable in a federal habeas petition. This claim should therefore be dismissed without prejudice.

Petitioner initially filed this action on a state habeas form, asserting challenges to the denial

of parole, the assessment of fines, and the loss of his property. By order dated August 19, 2010, the Court ordered petitioner to file an amended petition on the appropriate form. The Court also advised him that this action would proceed only as a habeas action and that he could file a separate action for his non-habeas claims. (doc. 2) The Court also directed the Clerk to mail petitioner the standard forms for actions under § 2254 and 42 U.S.C. § 1983. On August 30, 2010, the Court received petitioner's amended habeas action raising all three claims as well as the § 1983 form raising only his parole claim. (doc. 5). Because the only claim raised on the § 1983 form is petitioner's habeas claim concerning the denial of parole, and that claim has been addressed in this habeas action, the Court will not direct that this new filing be construed as a separate action. To the extent that petitioner wishes to pursue his non-habeas claim concerning his personal property, he must file a separate civil action raising his claim. The Clerk of the Court is also **INSTRUCTED** to send petitioner a blank § 1983 form.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice because petitioner has failed to exhaust state court remedies as to his two habeas claims and because his property claim is not cognizable in a habeas action.

**SIGNED this 8th day of September, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE